IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIʻI FLORICULTURE AND NURSERY ASSOCIATION, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF HAWAIʻI, <br><br> Defendant. | CIV. NO. 14-00267 BMK <br><br> ORDER DENYING MOTION FOR INTERVENTION; ORDER AMENDING BRIEFING SCHEDULE FOR PENDING MOTION FOR SUMMARY JUDGMENT |

ORDER DENYING MOTION FOR INTERVENTION;
ORDER AMENDING BRIEFING SCHEDULE FOR
PENDING MOTION FOR SUMMARY JUDGMENT

Before the Court is Proposed Intervenors' Motion for Leave to Intervene on Behalf of Defendant (Doc. 34).[1] After careful consideration of the Motion and the supporting and opposing memoranda, the Court DENIES the request to intervene. However, the Court allows Proposed Intervenors to participate as amici curiae; they may file a combined brief opposing Plaintiffs'[2] pending Motion for Summary Judgment on Claims One and Two (Doc. 28), and they may participate

---

[1] Proposed Intervenors are Center for Food Safety, Nancy Redfeather, Marilyn Howe, and Rachel Laderman.

[2] Plaintiffs are Hawaii Floriculture and Nursery Association, Hawaii Papaya Industry Association, Big Island Banana Growers Association, Hawaii Cattlemen's Council, Inc., Pacific Floral Exchange, Inc., Biotechnology Industry Organization, Richard Ha, Jason Moniz, Gordon Inouye, and Eric Tanouye.

in oral argument with Defendant County of Hawaii at the October 23, 2014 hearing on that Motion. As further relief, the Court amends the briefing schedule for the pending Motion for Summary Judgment: Defendant and Amici Curiae may file one opposition memorandum each, no later than September 18, 2014; Plaintiffs may file a reply memorandum no later than October 9, 2014.

Proposed Intervenors seek intervention as of right or, alternatively, permissive intervention. When analyzing a motion to intervene as of right under Federal Rules of Civil Procedure Rule 24(a)(2), courts apply a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011).

Regarding adequate representation by a party, "[w]here the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies." Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 841 (9th Cir. 2011). "Such presumption can be rebutted only by "a compelling showing to the contrary."" Id. Further, where "the government is acting on behalf of a constituency that it represents," rebuttal of the

presumption of adequate representation requires a "very compelling showing to the contrary." Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003).

In the present case, both Defendant and Proposed Intervenors share the ultimate objective of ensuring that the Ordinance is valid and enforceable. Therefore the presumption of adequate representation applies, and because Defendant represents its constituents, any rebuttal must be "very compelling." See Freedom from Religion Found., Inc., 644 F.3d at 841; Arakaki, 324 F.3d at 1086. Proposed Intervenors argue that their interests differ from and are more personal that Defendant's, but that does not necessarily mean Defendant will inadequately represent those interests. Further, Proposed Intervenors contend that they may present different arguments than Defendant and will offer "unique elements" and "expertise" to the present litigation. However, by granting Proposed Intervenors amicus status, they may present those arguments, elements, and expertise to the Court in their own briefing and argument.

Moreover, the posture of this case differs significantly from Syngenta v. County of Kauai, CV. NO. 14-00014 BMK, where the Court found the county might not adequately represent the intervenors' interests. In that case, the ordinance was not yet in effect, the mayor had vetoed the challenged ordinance, and the County had budgetary constraints for securing legal representation. In this case,

the Ordinance is in full effect, the mayor supported the bill without any veto, and there is no evidence that Defendant lacks the financial resources to defend the law. Accordingly, the Court finds that Proposed Intervenors' interests will be adequately represented by Defendant and the fourth factor of intervention as of right is not met. The Court therefore denies the request for intervention as of right.

Proposed Intervenors alternatively seek permissive intervention. Permissive intervention under FRCP Rule 24(b) requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Blum v. Merrill Lynch Pierce Fenner & Smith Inc., 712 F.3d 1349, 1353 (9th Cir. 2013). Unlike intervention as of right, "even if all three requirements are satisfied, the district court has discretion to deny permissive intervention." SEC v. Small Bus. Capital Corp., Civ. No. 5:12-03237 EJD, 2014 WL 3749900, at *2 (N.D. Cal. June 29, 2014). In the Court's discretion, it denies the request for permissive intervention. Because the ordinance is in full effect and Plaintiffs' motion for summary judgment is pending and set for hearing, the Court instead grants Proposed Intervenors amicus status. They may file a brief in opposition to Plaintiffs' pending motion and they may participate in oral argument with Defendant.

As further relief, the Court amends the briefing schedule for the pending Motion for Summary Judgment: Defendant and Amici Curiae may file one opposition memorandum each, no later than September 18, 2014; Plaintiffs may file a reply memorandum no later than October 9, 2014.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 22, 2014.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Hawaii Floriculture and Nursery Ass'n, et al. v. County of Hawaii, CIV. NO. 14-00267 BMK; ORDER DENYING MOTION FOR INTERVENTION; ORDER AMENDING BRIEFING SCHEDULE FOR PENDING MOTION FOR SUMMARY JUDGMENT.